IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RANDALL CREMEANS,

    Petitioner,

v.

WARDEN, ROSS CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-633
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On December 27, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 16.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 17.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 17) is **OVERRULED**. The *Report and Recommendation* (ECF No. 16) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's *Motion to Compel* a copy of the trial transcripts (ECF No. 18) is **DENIED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions in the Muskingum County Court of Common Pleas on charges of aggravated burglary and kidnapping, with firearm specifications, and having a weapon while under disability. He asserts that he was denied due process when the trial court denied his motion for a new trial on a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), based on the alleged false testimony of a prosecution witness (claim one); that he was denied the effective assistance of counsel because his attorney failed to call defense witnesses or request a

jury instruction on duress (claim two); that he was denied the right to confront witnesses against him (claim three); and that his convictions violate the Double Jeopardy Clause (claim four). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or without merit.

Petitioner complains that the trial transcripts have not been reviewed by the Court. He states that he does not intend to raise claims under the Confrontation Clause or under *Brady*, but instead asserts that the trial court abused its discretion when it denied his motion for a new trial, and he was denied a fair trial because the prosecutor improperly directed the testimony of prosecution witnesses. Petitioner objects to the dismissal of his claims as procedurally defaulted. He again asserts, as cause for his failure to timely appeal, that the clerk and his attorney failed to timely notify him of the appellate court's decision denying his appeal.

Respondent has submitted a copy of the transcripts of Petitioner's sentencing hearing and the hearing on the motion for a new trial (*see* ECF No. 7) in compliance with Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished." This Court need not review the trial transcripts in order to resolve Petitioner's claims. Further, Petitioner's allegation that the trial court "abused its discretion" in denying his motion for a new trial, absent any alleged underlying constitutional violation, does not provide him a basis for relief. *See Akemon v. Brunsman*, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007) ("[T]he Court is precluded from reviewing any claim that the trial court abused its discretion under Ohio law[.]") Moreover, and for the reasons already addressed, the record does not indicate that the

prosecutor acted improperly, or violated federal law, so as to warrant him relief. Finally, and despite Petitioner's argument to the contrary, any failure of his attorney to promptly notify him of the appellate court's decision denying his claims cannot constitute cause for his procedural default in failing to file a timely appeal to the Ohio Supreme Court, because Petitioner did not present this same issue to the state appellate court. *See Johnson v. Turner*, No. 2:14-CV-01908, 2016 WL 6963177, at *5 (S.D. Ohio Nov. 29, 2016) (citing *Edwards v. Carpenter*, 529 U.S. at 450–51 (the constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted) (citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)).

> "*Smith*...recognized that '[a] claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default.' " *Stout v. Warden, Toledo Correctional Inst.*, No. 3:12-cv-1415, 2014 WL 1682824, at *9 (N.D. Ohio April 17, 2014)(citing *Bleigh v. Brunsman*, No. 2:11-cv-628, 2012 WL 668819, at *12 (S.D. Ohio Feb. 29, 2012)) (quoting Smith, 463 F.3d at 436, n. 7); *Barkley*, 240 F.Supp.2d at 715 ("Because [petitioner] failed to present this claim [of ineffective assistance of appellate counsel] as an independent claim to the state courts, it cannot constitute cause for [petitioner's] procedural default of his habeas claim."). "[A] petitioner cannot use the ineffective assistance of appellate counsel as cause to excuse a procedurally defaulted claim when he has failed to present the claim of the ineffectiveness of appellate counsel as an independent claim or has otherwise procedurally defaulted that claim." *Tomilinson v. Bradshaw*, No. 5:13-cv-1808, 2015 WL 106060, at *17 (N.D. Ohio Jan. 7, 2015) (citing *Smith*, 463 F.3d at 436); *Stout v. Warden, Toledo Corr. Inst.*, No. 3:12–CV–1415, 2014 WL 1682824, at *9 (N.D. Ohio, Apr. 17, 2014) (internal quotation omitted) (concluding that the petitioner had procedurally defaulted his claim of ineffective assistance of appellate counsel by failing to present it "as a separate claim or as any claim beyond his motion for delayed appeal to the Ohio Supreme Court.").

*Id.*

For the foregoing reasons, and for the reasons addressed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 17) is **OVERRULED**. The *Report and* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

3

Petitioner's *Motion to Compel* a copy of the trial transcripts (ECF No. 18) is **DENIED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ——U.S.——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

4

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

1-24-2019

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**